Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

YESH MUSIC, LLC,

              Plaintiff,

    v.

DOWLINE MINISTRIES and CAPSTONE
EDUCATION GROUP, INC.,

             Defendants,
---------------------------------------------------------------x

Index No.: 17-cv-5027

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendants DOWLINE MINISTRIES and CAPSTONE EDUCATION GROUP, INC, based on their intentional infringement of plaintiff's copyrighted musical work "*Anything You Synthesize*" U.S. Copyright Registration SR 713-287 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

1. At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings which originate from the band *The American Dollar*. The sole members of plaintiff are Richard Cupolo

and John Emanuele; the artists in *The American Dollar*.

2. A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Anything You Synthesize*", and the assignment of same which was also registered with the U.S. Copyright Office, are annexed and incorporated hereto as **Exhibit 1.**

3. Plaintiff is informed and believes, and on that basis avers, defendant DOWLINE MINISTRIES is a religious organization with a headquarters located at 2925 Ledo Road Suite 3, Albany, GA 31707.

4. Plaintiff is informed and believes, and on that basis avers, defendant CAPSTONE EDUCATION GROUP, INC. is a Tennessee corporation with a headquarters located at 320 Carpenter St, Memphis, TN 38112.

## JURISDICTION

5. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

6. Defendants created an advertisement (the "Subject Advertisement") which depicts a program defendants set up in Binghamton, NY.

7. Defendants started as a teaching initiative in New York City, and now offer programs throughout the United States including this Judicial District.

**Personal Jurisdiction - CPLR § 302(a)(1)**

8. This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

9. Defendants regularly solicit business in this Judicial District.

10. Defendants contract with New York on a regular basis.

11. Being that defendant transacts business within the state or contracts anywhere to

supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

12. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

13. Defendants synchronized, reproduced, and distributed an advertisement using plaintiff's copyrighted recoding "*Anything You Synthesize*" through YouTube and other internet channels.

14. This is a tort (copyright infringement) committed within the state.

15. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District. Defendants regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

16. YouTube placed plaintiff's name on the Subject Advertisement, and defendants expected or should have reasonably expected its acts to have consequences in New York State.

17. Plaintiff discovered the infringement in July 2016. Defendants were expressly told there was no license for any use on July 27, 2016 and that they were infringing plaintiff's exclusive rights to the Copyrighted Recording. Defendants elected to ignore the cease and desist.

18. It cannot be disputed defendant committed an intentional tort which it knew would have consequences in this Judicial District.

19. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## VENUE

20. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

21. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

22. Plaintiff's copyrighted recording was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

23. Defendants synchronized and distributed plaintiff's copyrighted recording "*Anything You Synthesize*" in an advertisement titled "Trey Willis' Emerging Leaders Experience With Cornerstone Prep." found at https://www.youtube.com/watch?v=V2Qajua3E2Q. (the "Subject Advertisement").

24. Defendant DOWNLINE also posted the subject advertisement to its website.

25. Defendants failed to include an attribution in the Subject advertisement.

26. Plaintiff's Copyrighted Recording runs the length of the Subject Advertisement.

27. Defendants had no license or permission for any use.

28. Plaintiff discovered the infringement in July 2016, and immediately notified defendants via a "Cease and Desist" dated July 27, 2017, sent by email.

29. Defendants elected to ignore the Cease and Desist and continue to infringe, thus, necessitating the present action.

30. This is clearly an intentional infringement pursuant to 17 U.S.C. 504(c)(2).

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

31. Plaintiff incorporates the allegations contained in the preceding paragraphs as if

set forth at length here.

32. Defendants, without a synchronization license, synchronized plaintiff's copyrighted recording "*Anything You Synthesize*", to at least one advertisement.

33. Defendants, without any license or authority, reproduced and distributed the Subject Advertisement through YouTube.

34. Defendants failed to attribute *The American Dollar* in the Subject Advertisement.

35. It cannot be disputed plaintiff has a valid, registered copyright, and that defendants have synchronized, reproduced, and distributed plaintiff's Copyrighted Recording without a license; thus infringing plaintiff's rights under the Copyright Act.

36. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

37. Even after defendants were put on notice of the infringement by "Cease and Desist" sent by email over one year before the date before this action was filed; they elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's Copyrighted Recording.

38. The synchronization, reproduction, and/or distribution, of the Copyrighted Recording was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

39. Defendants' knowledge may be inferred from its conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

40. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees. Plaintiff was also damaged by the forced

inclusion of its Copyrighted Recording with a religious organization. Plaintiff has diligently worked to keep its recordings from such an association because it negatively impacts prospective licensing opportunities.

41. Moreover, the Copyrighted Recording is plaintiff's most valuable property, and its value has been diminished by the association with defendants.

42. Plaintiff may recover its actual damages, and defendants' profit, to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

43. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF DMCA OF 1998, AS AMENDED,
### 17 U.S.C. § 1201, et seq.

44. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

45. Section 1202 provides, in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.  17 U.S.C. § 1202(a)-(b).

46. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note 18.

47. Defendants failed to include information which identified the Copyrighted Recording, the author of the Copyrighted Recording, the owner of any right in the Copyrighted Recording, or information about the terms and conditions of use of the Copyrighted Recording.

48. Defendants violated the DMCA each time they wrongfully distributed the Copyrighted Recording.

49. Defendants also violated section 1202 by, upon information and belief, abstracting the Copyrighted Recording, removing and/or altering the anti-circumvention software.

50. Defendants did the forgoing with the intent to conceal the infringement.

51. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1) restitution of defendant's unlawful proceeds, including defendants' gross profits;

2) compensatory damages to plaintiff in an amount to be ascertained at trial;

3) one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4) an award of statutory damages for each violation by defendant of the DMCA, 17 U.S.C. § 1202;

5)   plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6)   pre- and post-judgment interest to the extent allowable; and,

7)   such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 24, 2017

**GARBARINI FITZGERALD P.C.**

By: *[signature]*
Richard M. Garbarini (RG 5496)